UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DONALD DAY, | ) |
| Plaintiff, | ) Civil Action No. 5: 20-506-DCR |
| V. | ) |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, d/b/a OUTBACK STEAKHOUSE, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Outback Steakhouse has filed a motion for permission for leave to file and serve Plaintiff Donald Day with a second set of Requests for Admissions more than two months after the discovery deadline passed and after a warning from the Court that discovery was closed. [Record No. 55] In support of the motion, the defendant states that the purpose of the Requests for Admissions is to "narrow issues related to evidentiary foundations and authenticity of medical bills." [*Id*.] Additionally, Day has filed a motion for leave to conduct a "trial deposition" of his expert witness because the witness claims that he will not be available to testify at trial. [Record No. 56] Because good cause does not exist to reopen discovery, both motions will be denied.

I.

The Amended Scheduling Order set a discovery deadline of February 28, 2022, and a dispositive motion deadline of March 28, 2022, in this case. [Record No. 27] The Court reminded the parties of these deadlines when they indicated in their March status report that

- 1 -

they were still scheduling depositions. [Record No. 43] But following that admonishment, the parties scheduled another deposition (and failed to timely file multiple monthly status reports). This action resulted in the Court setting the matter for a status conference. [Record No. 49] After setting the status conference, and more than two months after the close of discovery, counsel for Defendant Outback filed a notice to serve a second set of Requests for Admissions. [Record No. 48]

Counsel for Outback then failed to appear at the status conference and was ordered to show cause why he should not be held in contempt for his failure to appear and for his repeated violations of the Scheduling Order and Amended Scheduling Order. [Record No. 50] In his response, the attorney failed to address his non-appearance at the status conference. [Record No. 53][1] Counsel also noted that he overlooked the cautionary footnote that discovery had closed in the Court's April order and did not intentionally disregard the Court's orders. He noted that ,"[i]n my career I have filed many motions for leave of court to amend a scheduling order. Somehow, I just missed it (twice)." [*Id.*]

Following the show cause order, Outback then filed a motion for leave to file and serve the second set of Requests for Admissions. [Record No. 55] Additionally, Day filed a motion for leave to depose his expert witness because his expert witness is unavailable for trial. [Record No. 56]

## II.

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." The Court considers multiple factors in

---

[1] The contempt issue remains pending.

determining whether further discovery is appropriate and whether to allow additional time for discovery. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). The factors include: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Id*. The United States Court of Appeals for the Sixth Circuit has explained that the main inquiry is whether "the moving party was diligent in pursuing discovery." *Id*.; *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

      i.      <u>Defendant's Motion for Leave to Serve Requests for Admissions</u>

Outback has filed a motion for leave to file and serve a second set of Requests for Admissions. [Record No. 55] The motion for leave to file merely states that the purpose of the Requests for Admissions is to "narrow issues related to evidentiary foundations and authenticity of medical bills." [*Id*.] In the attorney's response to the show cause order, he states that purpose of the Requests for Admissions was to "establish the evidentiary foundations and authenticity for the admissibility of the medical bills at the trial of this matter" because the plaintiff plans to oppose the admission of his medical bills. [Record No. 53, p. 2]

None of the factors listed above weigh in favor of granting the defendant's motion for leave to serve the second set of Requests for Admissions. First, there is no indication of when the defendant learned of the issue regarding the plaintiff's opposition to the introduction of medical bills. And the defendant does not provide any reason for why it could not have filed these Requests for Admissions before the discovery deadline. Second, if the Court denies the motion for leave, the denial of the motion would merely require that the defendant authenticate

the medical bills at trial. Third, the parties had ample time to conduct discovery. The Court previously granted an extension, giving the parties more than eleven months to complete discovery. [Record Nos. 12, 27] Fourth, the defendant has been dilatory in filing its Requests for Admissions and in its filing of the motion for leave. The defendant filed the Requests for Admissions a week *before* asking for leave and two months *after* the discovery deadline. It appears the only reason the defendant filed a motion for leave relates to the show cause order. Finally, there is no indication about the level of responsiveness of the plaintiff as it relates to prior discovery requests. Accordingly, all five factors weigh against granting the motion, and the defendant has failed to show good cause for serving its second set of Requests for Admissions two months after the discovery deadline.

    ii.    <u>Plaintiff's Motion for Leave to Depose Expert Witness</u>

Day filed a motion for leave to take a trial deposition of his expert witness so that he could use it in lieu of the witness's appearance at trial.[2] [Record No. 56] Day explains that because of his expert's practice, schedule, and location more than 100 miles away he cannot come to Lexington to testify. Day also notes that he learned that his expert could not testify at trial on April 7, 2022. The plaintiff's expert, Dr. Charles Fox, was originally deposed on February 3, 2022 (i.e., within the prescribed discovery period).

The Court again addresses the above factors in determining whether to granting this motion. First, the plaintiff alleges that he learned that his expert could not attend trial on April 7, 2022, or more than seven weeks before filing his motion for leave. Further, the Court held

---

[2] The plaintiff also proposes that objections to the deposition be filed three days after objections are due in accordance with the Amended Scheduling Order. The parties' continued wish to ignore established deadlines is not well-taken.

a status conference within that period and the plaintiff did not address his expert's unavailability. Additionally, the plaintiff either knew or should have known that his expert was an unavailable witness within the meaning of Federal Rule of Civil Procedure 32(a)(4)(B) long before April 7, 2022. *Barrios v. Elmore*, No. 3:18CV-00132-DJH, 2020 U.S. Dist. LEXIS 112021, at *14 (W.D. Ky. Apr. 8, 2020) (noting that the doctors the party sought to depose before trial always posed a risk of being unavailable under Federal Rule of Civil Procedure 32 and the party did not explain why they did not depose them at an earlier date).[3] Second, the plaintiff does not address the fact that his expert has already been deposed, explain the form of the original deposition, or discuss why portions of his original deposition could not be used in lieu of live trial testimony. Third, as explained above, the parties had eleven months to conduct discovery. Fourth, the plaintiff acted in a dilatory manner by waiting more than seven weeks after realizing that his expert could not appear at trial before filing his motion for leave.

---

[3] Experience would indicate that, in many instances, plaintiff's counsel would not fully question his expert during a discovery deposition scheduled by an opposing party. And the parties attempt to make the distinction between a discovery deposition and a trial deposition. However, the Federal Rules of Civil Procedure do not differentiate between the two. *See, e.g., Integra Lifesciences I, Ltd. V. Merck KgaA*, 190 F.R.D. 556, 559 (S.D. Cal. 1999) ("Based upon the lack of distinction in the Federal Rules between trial and discovery depositions, it has been held that there is no difference between the two, and that if a party wishes to introduce deposition testimony at trial, that testimony should be procured during the time set by the court to conduct discovery absent exceptional circumstances."); *H.S. Field Servs. v. CEP Mid-Continent LLC*, No. 12-CV-531-GKF, 2016 U.S. Dist. LEXIS 7571, *4-5 (N.D. Okla. Jan. 22, 2016); *Maguire v. Coltrell*, No. CV-14-01255-PHX, 2015 U.S. Dist. LEXIS 132719, at *3-4 (D. Ariz, Sept. 29, 2015); *Anderson v. Procter & Gamble Paper Products Co.*, No. 11-C-61, 2013 U.S. Dist. LEXIS 150655, *2-3 (E.D. Wis. 2013); *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 690 (S.D. Fla. 2014); *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556, 557 (D. Minn. 1991). The Court recognizes that there are courts that allow for trial depositions after the close of discovery. *See, e.g., Burket v. Hyman Lippitt, P.C.*, No. 05-72110, 2008 U.S. Dist. LEXIS 30088, at *3 (E.D. Mich. Apr. 11, 2008). But the Court finds that because the Federal Rules of Civil Procedure do not differentiate between discovery and trial depositions, the parties are bound by the discovery deadlines previously set.

Finally, it appears that the defendant was previously responsive to deposing his expert witness, since the original deposition was conducted within the discovery period. Again, all five factors weigh against granting the motion for leave to depose the plaintiff's expert witness.

Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Outback Steakhouse's motion for leave to file a second set of Requests for Admissions [Record No. 55] is **DENIED**.

2. Plaintiff Donald Day's motion for leave to take a trial deposition of his expert witness [Record No. 56] is **DENIED**.

Dated: June 2, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky